UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

January 30, 2021

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Vincent Consolazio v. Commissioner of Social Security*
Civil Action No. 20-1048 (MAS)

Dear Counsel:

This matter comes before the Court on Plaintiff Vincent Consolazio's ("Plaintiff") appeal from the final decision of the Commissioner of the Social Security Administration ("Defendant"), denying his request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands the matter for further analysis.

**I. Background**

On January 6, 2015, Plaintiff was injured in a work-related incident when he fell from the grating of a parked truck. (R. 41, 66.[1]) As the administrative law judge ("ALJ") found below, Plaintiff "sustain[ed] injuries to his cervical and lumbar spine." (ALJ Op. 6.) Subsequently, Plaintiff underwent multiple surgeries. (*Id.*) The ALJ found that treatment notes before Plaintiff's September 2015 surgery "reflect complaints of severe pain, and positive clinical findings of reduced sensation in the cervical dermatomes, reduced left-handed grip strength, and little to no range of motion of the neck." (*Id.* (citations omitted).) Treatment notes before Plaintiff's March 2016 surgery report that "claimant was complaining of severe lower back pain, with a lumbar MRI revealing extruded discs at L4-5 and L5-S1 contacting the L5 and S1 nerve roots." (*Id.* (citations omitted).)

On September 1, 2016, Plaintiff filed an application for Social Security Disability Insurance ("SSD"), alleging a disability onset date of January 6, 2015. (*Id.* at 1.) The claim was denied initially on November 21, 2016. Thereafter, Plaintiff filed a written request for a hearing on December 9, 2016. (*Id.*) The ALJ then conducted a hearing on November 20, 2018. (*Id.*; *see generally* R. 31-65.) At that hearing, the ALJ heard testimony from both Plaintiff and a vocational expert, Joyce Galloway Brumbaugh. (ALJ Op. 1.) In a December 5, 2018 opinion, the ALJ found that from January 6, 2015 until September 27, 2017, Plaintiff was severely impaired by "degenerative disc disease of the lumbar and cervical spine" and "considering the claimant's age,

---

[1] "R." refers to the Administrative Record. (ECF No. 5.)

education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed." (*Id.* at 5, 7.) Nevertheless, the ALJ noted a number of medical improvements in Plaintiff's conditions as of September 28, 2017. These included Plaintiff's "strength," "cervical range of motion," and "only minimal radiculopathic symptoms." (ALJ Op. 8-9.) Accordingly, the ALJ found that "[b]eginning September 28, 2017, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1."[2] (*Id.* at 8.) The ALJ went on to find that Plaintiff "had the residual functional capacity to perform sedentary work . . . except he would have required a sit/stand option allowing him to sit or stand alternatively at will, provided he was not off-task more than 5% of the work period." (*Id.* at 9.)

Plaintiff sought Appeals Council review of the ALJ's decision, which the Appeals Council denied on December 6, 2019. (R. 1-5.) Plaintiff subsequently filed the instant appeal. (Compl., ECF No. 1.) Plaintiff filed his moving brief on August 7, 2020. (ECF No. 11-1.) Defendant filed his opposition brief on September 29, 2020, (ECF No. 14), and Plaintiff replied on October 14, 2020 (ECF No. 15).

## II. Legal Standards

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The district court must determine whether or not there is substantial evidence in the record to support the Commissioner's decision. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as "more than a mere scintilla." *Plummer*, 186 F.3d at 427 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). "It means such relevant evidence as a reasonable mind might accept as adequate." *Id.* In reviewing the record for substantial evidence, a court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford*, 399 F.3d at 552 (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

In order to be eligible for disability benefits, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that

---

[2] 20 CFR Part 404, Subpart P, Appendix 1 (listing "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitations of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)" as accompanying "disorders of the spine").

he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any "substantial gainful activity" since the onset of his alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the first two steps are satisfied, the third step requires the claimant to provide evidence that his impairment is equal to one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(d). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and is automatically entitled to disability benefits. *Id.* If he cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits him to resume his previous employment. 20 C.F.R. § 404.1520(e). If the claimant can perform his previous line of work, then he is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). If the claimant is unable to return to his previous work, the analysis proceeds to step five. At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *Id.*

If the claimant is found disabled at any point in the process, the ALJ must also determine if his disability continues through the date of decision. In making this determination, the ALJ must follow an eight-step evaluation process codified in 20 C.F.R. § 404.1594. If the ALJ can make a decision at a step, the evaluation will not go on to the next step.

At the first step, the ALJ must determine if the claimant is engaging in substantial gainful activity. If not, the ALJ must determine if the claimant has an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526. If the claimant does, his disability automatically continues. At step three the ALJ must determine whether the medical improvement has occurred. Medical improvement is defined as any decrease in medical severity of the impairments as established by improvement in symptoms, signs and/or laboratory findings. 20 C.F.R. § 404.1594(b)(1). If medical improvement has occurred, the ALJ must determine at step four if the medical improvement is related to the ability to work. It is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities. 20 C.F.R. § 404.1594(b)(3). If the improvement is related to work, the ALJ must determine at step six if the combination of claimant's conditions are severe. If they are, i.e., they significantly limit the

3

claimant's ability to do basic work activities, the analysis moves to step seven. At step seven the ALJ must assess the claimant's residual functional capacity based on his current impairments and determine if he can perform past relevant work. If he cannot, the analysis moves to the final step wherein the ALJ determines whether other work exists that the claimant can perform given his residual functional capacity and considering his age, education, and past work experience. If such work exists, claimant is no longer disabled.

## III.  Discussion

Based on its review of the ALJ's decision in light of the specific record in the present case, the Court finds good cause to remand the matter.

In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Nevertheless, it is not necessary for the ALJ to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision." *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004). Here, there were simply too many deficiencies in the ALJ's analysis for the Court to find that the ALJ's decision was supported by substantial evidence.

The Court will not engage in a detailed discussion of the ALJ's decision.[3] Rather, the Court will point to three troubling deficiencies in the ALJ's decision. First, the Court notes that the ALJ's opinion is somewhat confusing in its citation of medical records documenting Plaintiff's treatment before September 2017 in support of his finding that medical improvement occurred as of September 28, 2017. For example, according to the ALJ, Dr. Stiler's "clinical examinations have shown tenderness in the cervical and lumbar spine with spasm, along with a reduced range of motion throughout the spine and positive lumbar straight leg raise, but no neurological deficits." (ALJ Op. 10 (citing 10F p. 6, 19, 25, 28).) The ALJ cites these documents in order to demonstrate Plaintiff's improved residual functional capacity. (*Id.*) But these documents are from December 6, 2016, May 9, 2017, November 21, 2017, and February 13, 2018, respectively. (*See* R. 570, 583, 589, 592.) Because the ALJ cited such a broad range of documents, it is difficult for the Court to determine their relevance in determining plaintiff's disability status as of September 27, 2017.

Second, the ALJ's opinion fails to consider the extent to which plaintiff was treated for residual pain even after September 2017. In finding that "the record shows significant evidence of improvement in the claimant's symptoms and functioning beginning in September 2017," the ALJ noted that Plaintiff "reported to Dr. Stiler in August 2017 that he was no longer receiving any pain management." (ALJ. Op. 11.) As Plaintiff notes, however, on September 27, 2017, Plaintiff's surgeon, Dr. Steiber, referred Plaintiff to Dr. Bakshi "for pain management." (R. 512.) On November 1, 2017, Dr. Bakshi performed an "epidural steroid injection." (R. 349.) After the injection, Plaintiff reported "60% improvement of his neck pain following cervical epidural steroid

---

[3] Defendant, accordingly, should not infer from the fact that the Court has not specifically mentioned any particular aspects of the ALJ's decision that the unmentioned aspects of the decision have survived the Court's review. Upon remand, the ALJ should start his analysis at Step 1 and work his way through the sequential factors.

4

injection for several days" before his symptoms returned. (R. 351-52.) Dr. Bakshi then recommended Plaintiff "proceed with a second fluoroscopically guided cervical epidural steroid injection." (R. 351.) While the ALJ noted Plaintiff's August 2017 report that he was no longer receiving pain management, the ALJ did not explicitly weigh the import of Plaintiff's treatment by Dr. Bakshi for pain management in the fall of 2017.

Finally, the ALJ's opinion fails to consider the extent to which Plaintiff's pain could be "aggravated" by sitting or standing in the course of sedentary work. The ALJ does find a number of improvements in Plaintiff's condition. These improvements included Plaintiff's "strength," "cervical range of motion," and "only minimal radiculopathic symptoms." (ALJ Op. 8-9.) As such, the ALJ found that as of September 28, 2017, "the claimant has had the residual functional capacity to perform sedentary work . . . except he would have required a sit/stand option allowing him to sit or stand alternatively at will, provided he was not off-task more than 5% of the work period." (ALJ Op. 9.) Nevertheless, the ALJ found some support in the record for Plaintiff's testimony at the hearing that he had "a very limited sitting, standing[,] and walking tolerance." (*Id.*) Indeed, the record suggests that as late as October 12, 2017, Plaintiff complained to doctors "of residual neck pain with numbness and paresthesias down the bilateral arms from the elbows to the wrist right equal to left. He has mild residual lower back pain. He describes his pain as burning in quality aggravated by standing[,] sitting[,] and lying down." (R. 347.) Whatever Plaintiff's improvements from earlier times, the ALJ's opinion does not cite evidence supporting his position that Plaintiff's condition has improved to specifically tolerate alternating periods of extended *sitting* and *standing* during sedentary work.

Based on the foregoing, the Court cannot find that the ALJ's decision was supported by substantial evidence. An "ALJ's failure to explain his implicit rejection of . . . evidence or even to acknowledge its presence" may constitute error. *Cotter*, 642 F.2d at 707. Furthermore, and notably, access to the Commissioner's reasoning is essential to meaningful Court review:

> [U]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative [testimony], to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978).

Here, substantial evidence supported the ALJ's finding that Plaintiff was disabled through September 27, 2017. The ALJ's analysis with respect to Plaintiff's improvement as of September 28, 2017, however, was not well enough developed for the Court to follow. Based on its review of the entire record, the Court cannot find that the ALJ's decision was supported by substantial evidence.

## IV.    Conclusion

For the foregoing reasons, the Court remands this matter for further analysis and proceedings consistent with this Letter Opinion. An order consistent with this Letter Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
